UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIS ALPHONSO REDDICK,

        Petitioner,

v.                                                 Case No. 3:19-cv-1061-MMH-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.
_____

# ORDER

## I. Status

Petitioner Willis Reddick, an inmate of the Florida penal system, initiated this action in the United States District Court for the Northern District of Florida on August 5, 2019, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[1] The Northern District transferred the action to this district on September 10, 2019. Doc. 4. In the Petition, Reddick challenges a 2015 state court (Duval County, Florida) judgment of conviction for attempted manslaughter by act and armed burglary with assault or battery. He raises five grounds for relief. See Petition at 9-18.

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Respondents have submitted a memorandum in opposition to the Petition, arguing that the Petition is untimely. See Motion to Dismiss Petition for Writ of Habeas Corpus (Response; Doc. 12). They also submitted exhibits. See Docs. 12-1 through 12-4. Reddick filed a Motion for Reconsideration that the Court construes as his brief in reply. See Motion for Reconsideration (Reply; Doc. 15). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Reddick has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d), and Reddick argues that he timely filed his Petition. Reply at 2-3. The following procedural history is relevant to the one-year limitations issue. On June 10, 2014, the State of Florida charged Reddick by Amended Information in Duval County case number 16-2014-CF-002260-AXXX-MA with attempted first degree murder (count one) and armed burglary with assault or battery (count two). Doc. 12-1

3

at 55. On January 30, 2015, at the conclusion of a trial, the jury found Reddick guilty of attempted manslaughter by act, a lesser included offense of count one, and of count two as charged in the Amended Information. Doc. 12-3 at 106-09. On March 3, 2015, the circuit court sentenced Reddick to a fifteen-year term of imprisonment for count one and a five-year term of imprisonment followed by a ten-year term on probation for count two. Id. at 164-65. The circuit court ordered the sentence imposed for count two to run consecutively to the sentence imposed for count one. Id. at 166.

On direct appeal, Reddick, with the benefit of counsel, filed an initial brief. Doc. 12-4 at 302-41. The State filed an answer brief, id. at 343-83, and Reddick filed a reply brief, id. at 385-95. The First District Court of Appeal (First DCA) affirmed Reddick's convictions and sentences on February 23, 2016, id. at 397, and issued the mandate on March 10, 2016, id. at 400.

As Reddick's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Reddick's convictions and sentences became final when the time for filing a petition for certiorari review in the

4

United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Reddick to file a petition for writ of certiorari expired on Monday, May 23, 2016 (ninety days after February 23, 2016). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Reddick had until May 23, 2017, to file a federal habeas petition. He did not file the instant Petition until August 5, 2019. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The one-year limitations period began to run on May 24, 2016, and ran for 218 days until December 28, 2016, when Reddick filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 12-4 at 405-14. The circuit court denied the Rule 3.850 motion on January 20, 2017. Id. at 415-19. The First DCA affirmed the circuit court's denial per curiam on November 29, 2017, id. at 462, and issued the mandate on December 27, 2017, id. at 465.

The one-year limitations period began to run again the next day, December 28, 2017, and ran for 53 days until February 19, 2018, when Reddick

5

filed a petition for writ of habeas corpus in the First DCA alleging ineffective assistance of appellate counsel. Doc. 12-4 at 467-81. The First DCA denied the petition per curiam on May 11, 2018. Id. at 483. Reddick did not request a rehearing. Thus, the one-year limitations period began to run again on May 27, 2018, the day after the time period for filing a motion for rehearing expired. See King v. Sec'y, Fla. Dep't of Corr., No. 16-14160-F, 2017 WL 6760186, at *2 (11th Cir. Jan. 5, 2017) (noting the one-year limitations period tolled until 15 days after dismissal of a state habeas petition when the time for filing a motion for rehearing expired) (citing Fla. R. App. P. 9.330(a)). It ran for 106 days until September 10, 2018, when Reddick filed a second petition for writ of habeas corpus in the First DCA alleging manifest injustice. Doc. 12-4 at 485-98. By that time, the one-year limitations period ran for a total of 377 days. Because Reddick filed the second petition after the expiration of the one-year limitations period, it cannot toll that period because no period remains to be tolled.[2] See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (determining that a properly filed state court motion filed after the expiration of the federal

---

[2] On January 16, 2019, the First DCA denied the second petition per curiam. Doc. 12-4 at 500. On March 18, 2019, Reddick filed a motion for enlargement of time to file a Rule 3.850 motion. Doc. 12-4 at 503-18. The circuit court denied the motion on March 27, 2019. Id. at 520-22.

6

limitations period for filing a petition for writ of habeas corpus cannot toll that period). Reddick filed the instant Petition on August 5, 2019. Given the record, Reddick's Petition is untimely filed, and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Reddick to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005)

(quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

In his Reply, Reddick generally asserts entitlement to equitable tolling. Reply at 2. He states that he was segregated from the general prison population during which time he did not have access to the law library and unspecified personal property. Id. He, therefore, could not prepare or file any motions. Id. To support his assertions, Reddick attaches, as an exhibit, an inmate request form, dated June 9, 2020. Doc. 15-1 at 2. The form reflects that Reddick requested information about his confinement record from 2018. Id. According to the prison official's response on the form, Reddick only received one disciplinary report on August 15, 2018. Id. Pursuant to that report, Reddick was placed in disciplinary confinement, but he returned to the general prison population on August 21, 2018. Id.

Reddick's assertions are insufficient to establish entitlement to equitable tolling. Reddick does not specifically allege the manner in which his confinement impeded his ability to prepare his petition. Notably, Reddick prepared and filed a petition for writ of habeas corpus in the First DCA on September 10, 2018, Doc. 12-4 at 467-81, soon after his August 21, 2018, release from confinement, Doc. 15-1 at 2. His loss of access to the law library

8

and his property because of disciplinary confinement by itself does not constitute an extraordinary circumstance. See Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (affirming district court's determination that petitioner was not entitled to equitable tolling based on extraordinary circumstances where petitioner alleged his close-management status prevented him from accessing the prison law library and his legal papers).

Reddick also does not assert that his disciplinary confinement was an extraordinary circumstance beyond his control. Indeed, Reddick's own actions, disrespecting prison officials, resulted in the disciplinary confinement that restricted his access to the law library and his property. Doc. 15-1 at 2. Upon review, the Court finds that Reddick has not demonstrated that an extraordinary circumstance prevented him from timely filing his federal Petition. As such, he is not entitled to the benefit of equitable tolling, and the Petition is due to be dismissed.

Even assuming the Court considered the six-day period between August 15, 2018, and August 21, 2018, to be equitably tolled, the Petition would still be untimely. As determined above, the one-year limitations period ran for 218 days between the date on which Reddick's convictions and sentences became final on direct appeal and the date on which he filed his Rule 3.850 motion.

The limitations period ran again for 53 days between the date on which the First DCA issued the mandate affirming the order denying Reddick's Rule 3.850 motion and the date on which he filed his initial state petition for writ of habeas corpus. In total, the one-year limitations period ran for 271 days.

The First DCA denied Reddick's initial petition for writ of habeas corpus on May 11, 2018. Doc. 12-4 at 483. The one-year limitations period began to run on May 27, 2018, the day after the time period for filing a motion for rehearing expired. The period would run for 80 days until Reddick's disciplinary confinement on August 15, 2018. Doc. 15-1 at 2. By that time, the period had run for a total of 351 days, and Reddick had only 14 days remaining to file a federal habeas petition. The limitations period subsequently ran for 19 days beginning on August 22, 2018, the day after prison official released Reddick from disciplinary confinement, id., until September 10, 2018, when Reddick filed his second petition for writ of habeas corpus in the First DCA, Doc. 12-4 at 485-98. By that time, the statute of limitations had already expired. Accordingly, even if the Court tolled the six-day period of confinement, the instant Petition filed on August 5, 2019, would still be untimely. For the foregoing reasons, the Court finds that Reddick's Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

10

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Reddick seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Reddick "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

11

whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 12) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Reddick appeals the dismissing of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

12

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of April, 2022.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-9

C: Willis Alphonso Reddick #J31497
   Counsel of record

13